(No. 13379.—Judgment reversed.)

THE CITY OF CHICAGO, Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(MARY JANE E. BARBOUR,
Admx. Defendant in Error.)

*Opinion filed October 23, 1920.*

WORKMEN'S COMPENSATION—*when award against city cannot be
sustained.* An award against a city for the death of a person al-
leged to have resulted from a fall on a slippery sidewalk cannot be
sustained, where there is no legitimate proof of the employment
and the evidence shows the fall occurred when he was going home
and not during his alleged employment.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, and WIL-
LIAM H. DEVENISH, City Attorney, (ROBERT H. FARRELL,
and HARRY W. STARR, of counsel,) for plaintiff in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion
of the court:

An arbitrator made an award of $3500, payable in
monthly installments, to Mary Jane E. Barbour, adminis-
tratrix of the estate of her husband, William H. Bar-
bour, as compensation for his death. The award was
confirmed on a review by the Industrial Commission and
again on a writ of *certiorari* from the circuit court of Cook
county.

On January 11, 1917, at about seven o'clock in the even-
ing, while going to his home and about a half a block there-
from, William H. Barbour slipped and fell on account of
the slippery condition of the sidewalk. He was assisted
to his home and was afterward taken to a hospital, where
he remained in a stupid and semi-conscious condition from
which he was aroused with difficulty, and he died on Feb-
ruary 22, 1917. There was a post-mortem, which showed

a sloughing ulcer of the stomach, and the verdict of the coroner's jury, which was admitted in evidence by agreement, found that he came to his death from general infection, due to the sloughing ulcer of the stomach following injuries. The primary ulcer showed evidence of being chronic, but there were expert medical opinions that the death may have been caused by the fall or that it was hastened by the injury because of probable damage to the brain, and it was characterized as a brain case.

It was agreed that the city was an employer engaged in the occupations enumerated in the Workmen's Compensation act and had not rejected its provisions and that Barbour had not rejected such provisions. It was then necessary for the applicant to prove not only that the fall on the sidewalk caused the death of her husband, but also that he was in the employ of the city and that the injury arose out of and in the course of the employment. Assuming, but not deciding, that there was evidence sufficient to justify a finding that the fall on the sidewalk either hastened or caused the death of Barbour, there was no competent evidence that he was in the employ of the city at that time. Barbour had been employed by the city in 1916 as one of the street inspectors at $125 a month, but street inspectors were not employed during the winter, when construction work was not being done. That class of work was closed down early in December and was not resumed until the following March or April. In the winter street inspectors were not employed by the city and received no pay. The employment of Barbour ended on December 7, 1917, when his name was taken from the civil service roll of employees by the city and he was not thereafter employed.

The finding of the arbitrator, Industrial Commission and court could not have rested upon anything but conjecture or surmise, based on no competent evidence but only on something that Barbour or someone else said, indicating that he might have gone to look at some work at the request of an

alderman, who had no authority to employ him, and was returning to his home, but if he did go to look at some piece of work and his act was authorized the employment was only casual and not within any provisions of the Compensation act. (*Aurora Brewing Co.* v. *Industrial Board,* 277 Ill. 142; *McLaughlin* v. *Industrial Board,* 281 id. 100; *Chicago Great Western Railroad Co.* v. *Industrial Com.* 284 id. 573.) If there had been any legitimate evidence of such casual employment, the fall on the slippery sidewalk did not occur during the employment but happened when Barbour was going to his home.

The award not being based upon any competent evidence bringing the injury within any provision of the Compensation act, the judgment of the circuit court is reversed and the award set aside.        *Judgment reversed.*